*See* FED. R.APP. P. 41(B); D.C.CIR. RULE 41.

**Gregory Sean WINTON, Petitioner,**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD AND FEDERAL AVIATION ADMINISTRATION, Respondents.**

**No. 09–1108.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 30, 2009.

Gregory Sean Winton, Aviation Law Experts, Rockville, MD, for Petitioner.

James Aloysius Barry, Federal Aviation Administration, Washington, DC, for Respondents.

Before: HENDERSON, TATEL and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This petition for review was considered on the record from the National Transportation Safety Board (NTSB) and the briefs and oral arguments of the parties. For the reasons stated below, it is

**ORDERED** that the petition for review be denied.

Gregory Winton's commercial pilot certificate was suspended by the Federal Aviation Administration (FAA) for thirty days after his transponder briefly failed to squawk a discrete identification code to air traffic control during a short June 2004 flight, in contravention of FAA Notice to Airman (NOTAM) 3/2126. After an eight-day hearing in March and October 2007, an NTSB Administrative Law Judge determined that Winton failed to prove his affirmative defense of transponder malfunction. The full NTSB affirmed that ruling in an October 31, 2008 order (EA–5415) and denied Winton's petition for hearing in a January 27, 2009 order (EA–5429); Winton petitions for review of both orders.

■ Winton alleges that the FAA deprived him of due process of law by failing to timely provide adequate notice of the facts underlying the charges against him. Agency notice satisfies both the Administrative Procedure Act, 5 U.S.C. §§ 551 *et. seq.*, and the Due Process Clause if it gives interested parties notice of the facts and law to be asserted in such time as to afford them a reasonable opportunity to respond. *See* 5 U.S.C. § 554(b) ("Persons entitled to notice of an agency hearing shall be timely informed of … the matters of fact and law asserted."); *Reeve Aleutian Airways, Inc. v. United States*, 982 F.2d 594, 599 (D.C.Cir.1993) ("Due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present

their objections.'" (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950))). We conclude that Winton had adequate notice of the facts and law to be asserted at his hearing by no later than September 2004, when he received the Notice of Proposed Certificate Action (NPCA) and obtained the Enforcement Investigative Report (EIR). The NPCA informed Winton that he violated certain FAA regulations by failing to comply with all of the requirements of NOTAM 3/2126 during his June 2004 flight. The requirements are finite (there are seven listed) and three of the seven involve transponder operation. Further, the EIR gave notice of the specific factual allegations against him: that he took off as a primary target and failed to continuously squawk a discrete identification code. Because Winton received adequate notice of the charges against him and the facts underlying them long before his 2007 hearing, he was not deprived of due process.

■ Nor is Winton entitled to a waiver of the thirty-day suspension under the NTSB's ruling in *Administrator v. Brasher*, 5 N.T.S.B. 2116 (1987). Winton acknowledges that he never successfully made two-way radio contact with the FAA, *see* Br. for Pet'r 11, and that the NTSB has traditionally limited application of *Brasher* to pilots in such communication, *see id.* 57 ("This Court should extend this important precedent to cases in which a pilot is not in two-way communications with [air traffic control]."). We cannot conclude that the NTSB acted arbitrarily or capriciously or deprived Winton of due process of law in declining to depart from its longstanding precedent and extend *Brasher* to him. Nor will we expand the reach of *Brasher* beyond the limited reach the NTSB established two decades ago. *See Hinson v. NTSB*, 57 F.3d 1144, 1149–

50 (D.C.Cir.1995) (court is "not at liberty to affirm or overturn a Board decision merely on the basis of our agreement or disagreement with its policy implications, even when important issues of air traffic safety are at stake").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.